IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-2115 |
| | § | |
| JEROME J. HARRIS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The United States has moved for entry of default against Jerome J. Harris for his failure to answer the complaint in this case. (Docket Entry No. 11). The United States seeks an injunction under 26 U.S.C. §§ 7402(a), 7407, and 7408 to prevent Harris from performing certain tax advice-related acts. Harris was convicted of preparing fraudulent income tax returns for clients and is currently serving that sentence. The government alleges that although part of Harris's sentence precluded him from preparing federal income tax returns for the duration of his sentence, he continued to do so. In this case, the government seeks a permanent injunction preventing Harris from preparing and filing federal income tax returns after his prison sentence is completed. (Docket Entry No. 1).

Harris filed a document entitled a "response" to the government's complaint. The response is a lengthy letter explaining why Harris believes he was wrongfully convicted.

The government contends that this response is not a sufficient answer under Rule 8 of the Federal Rules of Civil Procedure and moves for the entry of default..

The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed.R.Civ.P. 55(a). Harris's "response" does not contain general or specific denials of the allegations in the government's complaint and does not comply with the pleading requirements of Fed.R.Civ.P. 8(b). Even giving Harris the benefit of the doubt that applies to a *pro se* litigant, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), his "response" is not an answer to the government's complaint under Rule 8.

Because Harris is *pro se* and because there is a "strong policy for deciding cases on their merits," *In re Worldwide Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir.2003), default is not entered at this time. Instead, this court orders Harris to file a proper answer to the government's complaint no later than **December 1, 2006**. A failure to comply may lead to the entry of default and default judgment.

SIGNED on November 13, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge