IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-06-2115 |
| JEROME J. HARRIS, | § § § | |
| Defendant. | § | |

**ORDER SETTING OUT FINDINGS AND CONCLUSIONS
AND ENTERING PERMANENT INJUNCTION**

The United States moved for summary judgment and for an injunction. Although Jerome Harris filed no response, this court has considered his earlier filings. Based on the pleadings, motions, record, and applicable law, this court makes the following findings of fact and conclusions of law, grants the motion for summary judgment, and issues a permanent injunction against defendant, Jerome J. Harris.

**I.     Findings of Fact**

1.     Harris is a federal income tax return preparer who has operated under the trade name Jay's Bookkeeping & Tax Services since 1998.

2.     Harris prepares fraudulent returns for his customers, including falsely claiming head-of-household filing status, dependents, Schedule C businesses, Schedule C gross income, and Schedule C expenses.

3.	Harris also seeks fraudulent tax refunds for customers by fabricating bogus deductions on Schedule C entries showing profit or loss from business.

4.	Harris was indicted in March 2005 under I.R.C. § 7206(2) on twenty-three counts of aiding in the preparation of a false tax return. The indictment charged Harris with preparing returns that included, among other items, false and fraudulent Schedule C deductions.

5.	The government dismissed two of the counts. On September 15, 2005, Harris was convicted on the remaining counts. *United States v. Jerome J. Harris*, Case No. 4:05-cr00119, United States District Court for the Southern District of Texas.

6.	On January 27, 2006, the court sentenced Harris to fifty-seven months in prison, to begin February 3, 2006, followed by twelve months of supervised release.

7.	Harris's preparation of false and fraudulent tax returns, to the extent that the Internal Revenue Service does not detect them and issues incorrect refunds, results in customers receiving substantial tax refunds to which they are not legally entitled. Forty-three Harris-prepared federal income tax returns, which the IRS has identified and examined, cost the United States $378,860.50.

8.	Harris prepared at least one fraudulent tax return after he was convicted of preparing fraudulent tax returns in September 2005.

**II.	Conclusions of Law**

1.	This court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and Internal Revenue Code (I.R.C., 26 U.S.C.), §§ 7402(a), 7407, and 7408.

2. Venue is proper in this court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred within this judicial district.

3. Summary judgment is appropriate when the pleadings and supporting documents, viewed in the light most favorable to the nonmovant, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999).

4. Harris's conviction precludes him from denying that he prepares fraudulent federal income tax returns.

5. I.R.C. § 7407 authorizes a district court to enjoin an income tax return preparer from:

    (A) engaging in conduct subject to penalty under I.R.C. §§ 6694 or 6695;

    (B) misrepresenting his experience or education as an income-tax preparer;

    (C) guaranteeing the payment of a tax refund or the allowance of a tax credit; and

    (D) engaging in any fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws,

if the court finds that injunctive relief is appropriate to prevent recurrence of such conduct.

6. If a court finds that the preparer's misconduct is continued or repeated and that a narrower injunction prohibiting only the specific conduct would not be sufficient to prevent his interference with the proper administration of the internal revenue laws, I.R.C. § 7407 authorizes the court to issue an injunction against preparing returns altogether.

7. I.R.C. § 6694(a) penalizes a return-preparer who understates a customer's liability based on a position for which there was no realistic possibility of being sustained on the merits, if the return-preparer knew or reasonably should have known of the unrealistic position and the position was frivolous.

8. I.R.C. § 6694(b) penalizes a return-preparer who understates a taxpayer's liability due to willfulness, recklessness, or an intentional disregard of rules and regulations.

9. Harris has engaged in conduct subject to penalty under I.R.C. § 6694 by preparing returns that understate his customers' liabilities based on positions that have no realistic possibility of being sustained on the merits.

10. Harris knew of the unrealistic positions taken in the returns he prepared and filed for customers.

11. The unrealistic positions Harris took were frivolous and without reasonable basis.

12. Harris violates I.R.C. § 6694(b) because his understatements of his customers' liabilities are due to either willfulness, recklessness, or an intentional disregard of rules and regulations.

13. Harris's continual and repeated violations of I.R.C. §§ 6694 and 6695 fall within I.R.C. § 7407(b)(1)(A), (B), and (D) and are subject to inunction under I.R.C. § 7407.

14. Harris is likely to continue to prepare fraudulent federal tax returns unless he is enjoined.

15. Harris's continual and repetitive conduct subject to injunction under I.R.C. § 7407 and his continued preparation of fraudulent tax returns after he was convicted of preparing fraudulent tax returns demonstrate that a narrow injunction prohibiting only specific misconduct would not prevent his continued interference with the proper administration of the internal revenue laws. An injunction permanently barring him from acting as a return-preparer is warranted.

16. I.R.C. § 7408 authorizes a district court to enjoin any person from engaging in conduct subject to penalty under either I.R.C. § 6700 or § 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

17. I.R.C. § 6701 imposes a penalty no any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document knowing (or having a reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and that if it is so used it would result in an understatement of another person's tax liability.

18. Unless enjoined by this court, Harris is likely to continue to engage in such conduct.

19. Injunctive relief is appropriate under I.R.C. § 7408.

20. I.R.C. § 7402(a) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing the internal revenue laws.

21. If Harris is not enjoined, he is likely to continue to interfere with the enforcement of the internal revenue laws.

### III. Permanent Injunction

Based on the findings of fact and conclusions of law, this court enters the following Permanent Injunction against Harris:

A. Under I.R.C. §§ 7402(a) and 7407, it is ordered that Harris is prohibited from preparing or filing, or assisting in the preparation or filing of federal income tax returns and related documents for any person other than himself.

B. Under I.R.C. §§ 7402(a) and 7408, it is ordered that Harris, individually and doing business under any other name or using any other entity, is prohibited from directly or indirectly:

- (a) preparing or filing income tax returns, amended returns, or other related documents and forms for others;

- (b) representing customers before the Internal Revenue Service;

- (c) understating customers' liabilities as prohibited by I.R.C. § 6694;

- (d) engaging in any other activity subject to the penalty under I.R.C. §§ 6694, 6700, 6701, or any other penalty provision in the IRS; and

- (e) engaging in conduct that interferes with the proper administration and enforcement of the internal revenue laws and from promoting his false tax schemes.

C. Under I.R.C. §§ 7402(a), 7407, and 6695, it is ordered that Harris produce to counsel for the United States a list identifying by name, taxpayer-identification number, address, e-mail address, and telephone number all persons for whom he has prepared or

assisted in preparing federal tax returns since January 1, 2001. Harris must do so within thirty days of entry of this Permanent Injunction. The United States will then, under I.R.C. § 7402(a), mail to all persons for whom he has prepared federal tax returns or any other document for submission to the IRS, a copy of this Permanent Injunction preceded by the attached cover letter, with the customer's name and address inserted at the top where indicated.

  D. It is ordered that the United States may conduct discovery for the purpose of monitoring Harris's compliance with the terms of this Permanent Injunction.

  E. This court retains jurisdiction over Harris and this action for the purpose of enforcing this Permanent Injunction.

  SIGNED on February 26, 2007, at Houston, Texas.

              _____
               Lee H. Rosenthal
              United States District Judge